IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC DECKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV-1234-SMY-SCW |
| | ) |
| MADISON COUNTY SHERIFF'S | ) |
| OFFICE, MADISON COUNTY | ) |
| GOVERNMENT, and THE MADISON | ) |
| COUNTY SHERIFF, in his Individual and | ) |
| Professional Capacities, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Eric Decker brought this action against Defendants Madison County Sheriff's Office, Madison County Government, and the Madison County Sheriff alleging unlawful retaliation in violation of 42 U.S.C. § 1983 and Title VII of the Civil Rights Act of 1964, as amended by 42 U.S.C. § 2000e *et seq*. On December 23, 2015, the Court granted summary judgment in Defendants' favor on both claims. Now pending before the Court is Plaintiff's Motion to Reconsider Pursuant to Rule 59/Rule 60 (Doc. 54).[1] Defendants filed a response in opposition (Doc. 55). For the reasons stated below, the Motion is **DENIED**.

Plaintiff brings his Motion pursuant to Rule 59 and/or Rule 60. The Court assumes Plaintiff is attempting to rely on Rule 59(e) or Rule 60(b). Under Rule 59(e), the Court may alter or amend its judgment if the movant "clearly establish[es] (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of

---

[1] Plaintiff does not challenge the grant of summary judgment as to Count I of the Complaint which asserted violations under 42 U.S.C. § 1983.

1

judgment." *Blue v. Hartford Life & Acc. Ins. Co.,* 698 F.3d 587, 598 (7th Cir.2012) (quoting *Harrington v. City of Chicago,* 433 F.3d 542, 546 (7th Cir.2006)). The rule "enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir.1996). Nevertheless, such motions are not appropriate vehicles for re-litigating arguments that the district court previously rejected or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. *Sigworth v. City of Aurora,* 487 F.3d 506, 512 (7th Cir.2007). A proper motion to reconsider does more than take umbrage and restate the arguments that were initially rejected during the summary judgment phase. *County of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

Rule 60(b) contains a more exacting standard than Rule 59(e), although it permits relief from a judgment for a number of reasons including mistake or "any other reason justifying relief from the operation of judgment." Fed. R. Civ. P. 60(b). However, in contrast to Rule 59(e), legal error is not an appropriate ground for relief under Rule 60(b). *Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) ("A contention that the judge erred with respect to the materials in the record is not within Rule 60(b)'s scope, else it would be impossible to enforce time limits for appeal."). Relief under Rule 60(b) is an extraordinary remedy and is only granted in exceptional circumstances. *United States v. 8136 S. Dobson St., Chicago Ill*., 125 F.3d 1076, 1082 (7th Cir. 1997).

Plaintiff argues that the Order granting summary judgment "violates the summary judgment standard, weighs evidence, fails to view evidence presented by Plaintiff in a light most favorable to the non-movant, and makes inference against the non-movant and in favor of the movant" (Doc. 54, p. 1). In short, Plaintiff's Motion to Reconsider argues that the Court has

made legal errors. Therefore, the Court will exclusively apply the Rule 59(e) standard to the present Motion, not Rule 60(b).

Summary judgment is proper only if the admissible evidence considered as a whole shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 517 (7th Cir. 2011). The substantive law governs whether a fact is material or not; a court may look to it to determine which facts are critical and which may be disregarded. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. Colorable or insignificant evidence is not a barrier to a grant of summary judgment. *Id*. at 249-50.

"[U]nlawful retaliation occurs when an employer takes an adverse employment action against an employee for opposing impermissible discrimination." *Rogers v. City of Chicago,* 320 F.3d 748, 753 (7th Cir.2003). Retaliation may be established by either the direct or indirect method of proof. The direct method requires a plaintiff to show: (1) that he engaged in activity protected by the statute; (2) that his employer took an adverse employment action against him; and (3) that there is a causal connection between the plaintiff's protected activity and the adverse employment action. *Leitgen v. Franciscan Skemp Healthcare, Inc.,* 630 F.3d 668, 673 (7th Cir.2011).

Here, Plaintiff contends the Court ignored certain evidence articulated in Plaintiff's affidavit (Doc. 50-2) attached to Plaintiff's response in opposition to Defendant's motion for summary judgment which supported his retaliation claim including: (1) Plaintiff's position was eliminated within 30 days of his protected activity; (2) Plaintiff was forced to perform a position

3

traditionally performed by officers of a lower rank than Plaintiff; (3) Plaintiff was subjected to "near constant scrutiny" of his work performance and work location – prior to the Plaintiff's protected activity he was authorized to perform his duties with minimal oversight and supervision; (4) after Plaintiff engaged in protected activity he was required to drive a marked patrol unit – no other officers of Plaintiff's rank were required to drive a marked unit – this was a significant change to Plaintiff's work environment; (5)  Plaintiff, a captain, was required to receive authorization from junior officers of lower rank than plaintiff to perform his normal job duties; and (6) Plaintiff had unwarranted discipline placed in his personnel file following his protected activity.  Plaintiff asserts that based on these facts, a reasonable jury could conclude that Defendants retaliated against him.

As an initial matter, the Court notes that many of Plaintiff's arguments were presented and rejected by the Court in its previous Order and despite his contentions, the Court construed all *reasonable* facts in a light most favorable to Plaintiff.  In the Order granting summary judgment, the Court focused primarily on Plaintiff's deposition testimony regarding the events at issue in this lawsuit.  Plaintiff testified that in late January 2012, Sheriff Robert Hertz accused Plaintiff of having an extra-marital affair with a co-worker, Jamie Linton.  After denying the affair, Plaintiff told Sheriff Hertz that confronting Linton could be considered sexual harassment and a violation of federal labor laws.  Plaintiff testified that following this conversation, his position as the Commander of Administrative Services was eliminated in March 2012 – several months after his initial confrontation with Sheriff Hertz.  Plaintiff further testified that after his position was eliminated, he was given several options and chose to be reassigned to the position of Godfrey Substation Supervisor.  Plaintiff chose Godfrey because "he lived in Godfrey, knew the job, and the people" (Doc. 39-1, p. 215, 39-2, p. 216).  There is no evidence that Plaintiff was

4

forced into this position. Plaintiff testified that he suffered no loss of pay or any other financial loss as a result of the transfer (Doc. 39-1, pp. 25-26, pp. 214-216). Although Plaintiff testified that his new position required him to apply for overtime approval, he also stated that his overtime requests were always granted (Doc. 50-7, pp. 234-235). Plaintiff testified that this approval was either by the patrol commander in advance or the on-duty watch commander who could sometimes be a sergeant. *Id*.

Plaintiff cites *Washington v. Illinois Dep't of Revenue*, 420 F.3d 658, 662 (7th Cir. 2005), to support his argument that he was retaliated against. However, that case is readily distinguishable. In *Washington,* the court concluded a jury could find an adverse employment action where the employer abolished the plaintiff's position, assigned her to a new position under a new supervisor, and required her to work different hours and reapply for a flex-time schedule. *Id.* The court emphasized those actions "would be harmless to most people," but were actionable in the plaintiff's situation. *Id.* Specifically, changing her hours effectively decreased the plaintiff's wages by 25 percent because the employer knew she needed to leave work by 3:00 p.m. to care for her ill child. *Id.* The changes forced the plaintiff to use leave for two hours per day, which reduced her salary because she used all of her vacation and sick leave. *Id.* For five months, the plaintiff's pay "fell to zero" until she found a supervisor willing to allow her to leave at 3:00 p.m. *Washington*, 420 F.3d at 662. Moreover, by making these changes, the employer exploited the plaintiff's known vulnerability because the employer was aware of her need to care for her ill child. *Id.* The court concluded a jury could find these actions caused a significant and therefore actionable loss. *Id.*

In this case, Plaintiff's claims stand in stark contrast to the sudden changes and significant losses to which the plaintiff was subjected in *Washington.* By his own admissions made during

his deposition, Plaintiff suffered no materially adverse actions.  Further, the timing of his initial alleged protected action and subsequent transfer is not enough to defeat summary judgment.  *See, e.g., Argyropoulos v. City of Alton,* 539 F.3d 724, 734 (7th Cir.2008) ("The approximate seven-week interval between [plaintiff's] sexual harassment complaint and her subsequent arrest/termination does not represent that rare case where suspicious timing, without more, will carry the day.").  Accordingly, the Court finds that Plaintiff's first, second, and fifth points are not well taken.

The Court concedes that the Order granting summary judgment omitted Plaintiff's allegations that he was subjected to "near constant scrutiny", was subjected to unwarranted discipline placed in his personnel file, and was required to drive a marked patrol car.  However, none of these additional facts warrants reversing the grant of summary judgment.  Regarding Plaintiff's assertion that he was subjected to near constant scrutiny, other than his suppositions, there is no evidence supporting these allegations.  Inferences that are supported only by speculation or conjecture will not defeat a summary judgment motion.  *See Herzog v. Graphic Packaging Intern, Inc.*, 742 F.3d 802, 806 (7th Cir. 2014)**.**

Regarding the unwarranted discipline placed in his personnel file, Plaintiff alleges that his supervisor was instructed by Sheriff Hertz to give him a formal disciplinary notice.  Plaintiff does not provide any additional information regarding when this alleged unwarranted discipline took place, what supervisor took action, what effect, if any, this disciplinary notice caused or any other significant evidence regarding this event.  The law is clear that written reprimands without any changes in the terms or conditions of his employment are not adverse employment actions.  *Lloyd v. Swifty Transp., Inc.*, 552 F.3d 594, 602 (7th Cir. 2009); *see also Grube v. Lau Indus., Inc.,* 257 F.3d 723, 729–30 (7th Cir.2001) ("Unfair reprimands or negative performance

evaluations, unaccompanied by some tangible job consequence, do not constitute adverse employment actions."); *Krause v. City of La Crosse,* 246 F.3d 995, 1000 (7th Cir.2001) (same).

Finally, Plaintiff contends that he was required to drive a marked patrol car which was an adverse employment action. "Materially adverse actions" are those that might dissuade a reasonable employee from engaging in protected activity. *Burlington N. & Santa Fe Ry. v. White,* 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006). Viewing the evidence in the light most favorable to Plaintiff, the Court finds that having to drive a marked car was a minor change to Plaintiff's working conditions and therefore not a materially adverse action. *See O'Neal v. City of Chicago,* 392 F.3d 909, 911-12 (7th Cir. 2004) (transfers involving no reduction in pay or only minor changes to working conditions are not sufficient to establish an adverse employment action).

Plaintiff's arguments fall short of the standard for relief under Rule 59(e). A "manifest error" is not demonstrated by the disappointment of the losing party. *Sedrak v. Callahan,* 987 F.Supp. 1063, 1069 (N.D.Ill.1997). Rather, it is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.* In the Order granting summary judgment, this Court found that Plaintiff failed to make his *prima facie* showing that he suffered a materially adverse action. Despite Plaintiff's assertions, the Court continues to find that there are no material issues of genuine fact. Here, Plaintiff simply takes exception with the Court's analysis of the evidence and its ruling—rehashing arguments previously rejected by the Court. *See Caisse Nationale de Credit Agricole v. CBI Industries, Inc.,* 90 F.3d 1264, 1270 (7th Cir.1996) (Reconsideration is not an appropriate forum for rehashing previously rejected arguments). Moreover, Plaintiff's arguments—then and now—do not support a conclusion that Defendants retaliated against him.

Upon review of the record, the Court remains persuaded that its ruling granting summary judgment to Defendants was correct.  Therefore, Plaintiff's Motion to Reconsider is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 4, 2016**

<u>**s/ Staci M. Yandle**</u>
**STACI M. YANDLE**
**United States District Judge**